# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| Carol Jones, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC, a Georgia limited liability company, | **JURY TRIAL DEMAND** |
| Trans Union, LLC, an Illinois limited liability company, | |
| First Premier Bank, a foreign bank, | |
| Capital Accounts, LLC, a foreign limited liability company, | |
| Fair Collections & Outsourcing, Inc, a foreign corporation, | |
| Pennsylvania Higher Education Assistance Agency Parents' Association, Inc., a foreign corporation, | |
| Defendants. | |

NOW COMES THE PLAINTIFF, CAROL JONES, BY AND THROUGH COUNSEL, Matthew Landreau, Esq., and for her Complaint against the Defendants, pleads as follows:

1

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Cumming, Forsyth County, Georgia.

4. Venue is proper in the Northern District of Georgia, Gainesville Division.

## PARTIES

5. Plaintiff is a natural person residing in City of Cumming, Forsyth County, Georgia.

6. The Defendants to this lawsuit are:

    a. Equifax Information Services, LLC ("Equifax") is a Georgia limited liability company that conducts business in the State of Georgia;

    b. Trans Union, LLC ("Trans Union") is a foreign limited liability company that conducts business in the State of Georgia;

    c. First Premier Bank ("First Premier") is a foreign bank that conducts business in the State of Georgia;

    d. Capital Accounts, LLC ("Capital Accounts") a foreign limited liability company that conducts business in the State of Georgia;

    e. Fair Collections & Outsourcing, Inc. ("FCO") is a foreign corporation that conducts business in the State of Georgia; and

    f. Pennsylvania Higher Education Assistance Agency Parents' Association, Inc. ("PHEAA") is a foreign corporation that conducts business in the State of Georgia.

## GENERAL ALLEGATIONS

7. First Premier, Capital Accounts, FCO and PHEAA (collectively "Furnishers") are inaccurately reporting their Tradelines ("Errant Tradelines") with an erroneous notation of "account in dispute" on Plaintiff's Equifax and Trans Union credit disclosures.

8. First Premier is inaccurately reporting its Errant Tradeline with an erroneous notation of "account in dispute" on Plaintiff's Equifax credit disclosure.

9. Capital Accounts and FCO are inaccurately reporting their Errant Tradelines with an erroneous notation of "account in dispute" on Plaintiff's Equifax and Trans Union credit disclosures.

10. PHEAA is inaccurately reporting its Errant Tradeline with an erroneous notation of "account in dispute" on Plaintiff's Trans Union credit disclosure.

11. Plaintiff no longer disputes the Errant Tradelines.

12. On May 18, 2020, Plaintiff obtained her Equifax and Trans credit disclosures and noticed the Errant Tradelines inaccurately reporting with an erroneous notation of "account in dispute."

13. On or about August 05, 2020, Plaintiff submitted a letter to Equifax and Trans Union, requesting the credit bureaus to remove the notation of "account in dispute."

14. Equifax and Trans Union forwarded Plaintiff's consumer dispute to the Furnishers.

15. The Furnishers received Plaintiff's consumer dispute from Equifax and Trans Union.

16. Equifax, Trans Union and the Furnishers did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

17. Plaintiff had not received Equifax's and Trans Union's investigation results. Therefore, on September 20, 2020, Plaintiff obtained her Equifax and Trans Union credit disclosures, which showed that Equifax, Trans Union and the Furnishers failed or refused to remove the notation of "account in dispute."

18. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the

errors in her credit files or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PREMIER**

19. Plaintiff realleges the above paragraphs as if recited verbatim.

20. After being informed by Equifax of Plaintiff's consumer dispute of the erroneous notation, First Premier negligently failed to conduct a proper reinvestigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

21. First Premier negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax to remove the notation of "account in dispute." .

22. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Equifax to which it is reporting such tradeline.

23. As a direct and proximate cause of First Premier's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

24. First Premier is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

25. Plaintiff has a private right of action to assert claims against First Premier arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant First Premier for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PREMIER

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. After being informed by Equifax that Plaintiff disputed the accuracy of the information it was providing, First Premier willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax to remove the notation of "account in dispute."

28. First Premier willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

29. As a direct and proximate cause of First Premier's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

30. First Premier is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant First Premier for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ACCOUNTS**

31. Plaintiff realleges the above paragraphs as if recited verbatim.

32. After being informed by Equifax and Trans Union of Plaintiff's consumer dispute of the erroneous notations, Capital Accounts negligently failed to conduct a proper reinvestigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

33. Capital Accounts negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax and Trans Union to remove the notation of "account in dispute." .

7

34. The Errant Tradelines are inaccurate and creates a misleading impression on Plaintiff's consumer credit files with Equifax and Trans Union to which it is reporting such tradelines.

35. As a direct and proximate cause of Capital Accounts' negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

36. Capital Accounts is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

37. Plaintiff has a private right of action to assert claims against Capital Accounts arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Capital Accounts for damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ACCOUNTS**

38. Plaintiff realleges the above paragraphs as if recited verbatim.

39. After being informed by Equifax and Trans Union that Plaintiff disputed the accuracy of the information it was providing, Capital Accounts willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed

8

to direct Equifax and Trans Union to remove the notation of "account in dispute."

40. Capital Accounts willfully failed to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 USC 1681s-2(b).

41. As a direct and proximate cause of Capital Accounts' willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

42. Capital Accounts is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Capital Accounts for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FCO**

43. Plaintiff realleges the above paragraphs as if recited verbatim.

44. After being informed by Equifax and Trans Union of Plaintiff's consumer dispute of the erroneous notations, FCO negligently failed to conduct a proper reinvestigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

45. FCO negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax and Trans Union to remove the notation of "account in dispute." .

46. The Errant Tradelines are inaccurate and creates a misleading impression on Plaintiff's consumer credit files with Equifax and Trans Union to which it is reporting such tradelines.

47. As a direct and proximate cause of FCO's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

48. FCO is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

49. Plaintiff has a private right of action to assert claims against FCO arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant FCO for damages, costs, interest, and attorneys' fees.

## COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FCO**

50. Plaintiff realleges the above paragraphs as if recited verbatim.

51. After being informed by Equifax and Trans Union that Plaintiff disputed the accuracy of the information it was providing, FCO willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax and Trans Union to remove the notation of "account in dispute."

52. FCO willfully failed to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 USC 1681s-2(b).

53. As a direct and proximate cause of FCO willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

54. FCO is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable

attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant FCO for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PHEAA

55. Plaintiff realleges the above paragraphs as if recited verbatim.

56. After being informed by Trans Union of Plaintiff's consumer dispute of the erroneous notation, PHEAA negligently failed to conduct a proper reinvestigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

57. PHEAA negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Trans Union to remove the notation of "account in dispute." .

58. The Errant Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Trans Union to which it is reporting such tradeline.

59. As a direct and proximate cause of PHEAA's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

60. PHEAA is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

61. Plaintiff has a private right of action to assert claims against PHEAA arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant PHEAA for damages, costs, interest, and attorneys' fees.

## COUNT VIII

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY PHEAA

62. Plaintiff realleges the above paragraphs as if recited verbatim.

63. After being informed by Trans Union that Plaintiff disputed the accuracy of the information it was providing, PHEAA willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Trans Union to remove the notation of "account in dispute."

64. PHEAA willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

65. As a direct and proximate cause of PHEAA's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

66. PHEAA is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant PHEAA for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT IX

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

67. Plaintiff realleges the above paragraphs as if recited verbatim.

68. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

69. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

70. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

71. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

72. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

73. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

### COUNT X

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

74. Plaintiff realleges the above paragraphs as if recited verbatim.

75. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

76. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

77. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

78. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

79. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

80. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT XI

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

81. Plaintiff realleges the above paragraphs as if recited verbatim.

82. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

83. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

84. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

85. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

86. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

87. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT XII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

88. Plaintiff realleges the above paragraphs as if recited verbatim.

89. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

90. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

91. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to

one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

92. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

93. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

94. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: October 28, 2020

By: */s/ Matthew Landreau*
Matthew Landreau

>Bar Number 301329
>22142 West Nine Mile Road
>Southfield, MI 48033
>Telephone: (248) 353-2882
>Facsimile: (248) 353-4840
>E-Mail: matt@crlam.com
>
>*Attorneys for Plaintiff,*
>*Carol Jones*